**JOHN L. BURRIS ESQ., SBN 69888**
**BENJAMIN NISENBAUM, ESQ., SBN 222173**
**JAMES COOK, ESQ., SBN 300212**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Ben.Nisenbaum@johnburrislaw.com
James.Cook@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE BEAULIEU, individually and as successor-in-interest to Decedent TROY FRANCIS,<br><br>             Plaintiff,<br><br>   vs.<br><br>CITY OF FREMONT, a municipal corporation; TIMOTHY FERRARA, individually and in his capacity as an officer for the Fremont Police Department; MARRKEL SMITH, individually and in his capacity as an officer for the Fremont Police Department; and DOES 1-50, inclusive,<br><br>             Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983, 1988; and pendent tort claims)<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. On August 21, 2015, Decedent TROY FRANCIS succumbed to fatal gunshot wounds

that resulted after Defendant Officers Timothy Ferrara and Marrkel Smith of the City of Fremont Police Department recklessly provoked a confrontation with Decedent with knowledge that Decedent was in the midst of a mental emergency.

2.　　This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating the Fourth and Fourteenth Amendment under the United States Constitution and state law in connection with the death of Decedent TROY FRANCIS, who died as a result of the unlawful and/or negligent use of force by the City of Fremont Police Department.

3.　　This action seeks to recover damages for the violation of rights personal to Decedent and the rights of his surviving successor-in-interest, CATHERINE BEAULIEU.

## JURISDICTION

4.　　 This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343 and 42 U.S.C. Section 12188(a).  This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. Section 1367.

## PARTIES

5.　　Decedent, TROY FRANCIS was an individual residing in the State of California and a United States citizen. Decedent was married to CATHERINE BEAULIEU at the time of his death and died without issue.

6.　　Plaintiff CATHERINE BEAULIEU ("Beaulieu") is and was at all times herein mentioned the wife of Decedent TROY FRANCIS and is the successor-in-interest to Decedent TROY FRANCIS.

7.　　CITY OF FREMONT ("City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the City of Fremont's Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of TIMOTHY FERRARA, MARRKEL SMITH, and DOES Defendants, individually and as a peace officers.

8. Defendant TIMOTHY FERRARA ("Ferrara"), was an officer for the City of Fremont Police Department, and is sued individually and in his official capacity.

9. Defendant MARRKEL SMITH ("Smith") was an officer for the City of Fremont Police Department, and is sued individually and in his official capacity.

10. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

11. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## FACTUAL ALLEGATIONS

12. Decedent TROY FRANCIS was a diagnosed diabetic. On the date of the incident, July 20, 2015, Decedent TROY FRANCIS began to suffer from a mental emergency after experiencing an ongoing and excruciating pain in his foot that became unbearable.

13. Decedent TROY FRANCIS' neighbor, Gema Martinez went to decedent's house to check on him. Upon seeing Decedent TROY FRANCIS, Ms. Martinez noticed that decedent was in desperate need of assistance. Ms. Martinez then called the Fremont Police Department in order to get assistance for Decedent TROY FRANCIS' mental emergency. Shortly thereafter, Defendant officers Ferrara and Smith, arrived at decedent's residence located at 4737 Baffin Avenue in Fremont, California.

14. Upon their arrival, Decedent TROY FRANCIS was standing on the front porch of his residence wielding a kitchen knife at head level that was clearly visible to the Defendant officers. At the time, Decedent TROY FRANCIS displayed obvious signs that he was in the midst of a mental crisis due to excruciating pain associated with his diabetes.

15. Plaintiff alleges that all police officers in the State of California are required to demonstrate proficiency in responding to, and when feasible, defusing, events involving mentally impaired and suicidal subjects who may act out in order to cause police to use force against them. The requirements of POST learning domain 37 include:

**Calm the situation**, by using the following tactics:

- Request backup.
- Move slowly.
- When possible, eliminate emergency lights and sirens and disperse any crowd that may have gathered.
- Assume a quiet nonthreatening manner when approaching and conversing with the individual.
- If possible, avoid physical contact if no violence or destructive acts have taken place.
- If possible, explain intended actions before taking action.
- Take time to assess the situation.
- Provide reassurance that officers are there to help.
- Give the person time to calm down.

**Communicate with the person**:
- Keep sentences short.
- Talk with the individual in an attempt to determine what is bothering that person.
- Acknowledge the person's feelings.
- Ask if the person is hearing voices and, if so, what they are saying.
- Avoid topics that may agitate the person.
- Allow time for the person to consider questions and be prepared to repeat them.

Additionally, POST trains police officers, "**do not threaten the individual** with arrest **or in any other manner**," explaining that "**threats may create additional fright, stress, or potential aggression**."

16. The foregoing training requirements were established as a result of California state legislation that became effective as of July 1, 2006, many years before the subject-incident occurred. Plaintiff alleges that such training is standard nationwide. Plaintiff alleges the defendants in this case violated these training standards.

17. Contrary to the assurances of reasonable action and response to Decedent TROY FRANCIS, and instead of considering the obvious consequences of such rash and reckless conduct

COMPLAINT FOR DAMAGES - 4

under these circumstances, at around 6:00 p.m., Defendant officers Ferrara and Marrkel exited their vehicles with their service weapons immediately drawn towards Decedent TROY FRANCIS. Decedent TROY FRANCIS paced on his front porch with his kitchen knife at head level but posed no immediate danger to anyone. Decedent TROY FRANCIS then slowly moved in the direction of defendant officers Ferrara and Smith. Without adequate warning or just cause, both defendant officers Smith and Ferrara opened fire on Decedent TROY FRANCIS with their service weapons, striking him multiple times. Decedent TROY FRANCIS immediately collapsed after being shot. Decedent TROY FRANCIS died on August 21, 2015 as a consequence his injuries.

18.  Plaintiff alleges that at the time Defendant's drew their service weapons and shot decedent, there was no immediate exigency to do so, and doing so violated California POST training as described herein.

19.  Any reasonable officer knows that any object, can be used as a weapon, provided the officers place themselves in a vulnerable position in close proximity to such an object. Defendants took no precautions, other than handguns, to avoid being placed in close proximity to such an object upon their arrival at Decedent's residence. Defendants failed to consider Decedent's known mental impairment and exhibition of suicidal ideation as a result of his diabetes.

20.  Decedent was lawfully in front of his residence, and presented no threat to anyone while lawfully in front of his house even if left unattended prior to being shot and killed. Plaintiff alleges that no reasonable officer would engage Decedent TROY FRANCIS under these circumstances in the manner defendant officers Ferrara and Smith did, that Decedent TROY FRANCIS never presented any potentially lethal threat to anyone that could justify the use of deadly force, and that each defendant officer involved disregarded decedent's known mental state, thereby unreasonably provoking a violent confrontation.

21.  Plaintiff further alleges that each Defendant was reasonably on notice that no one at Decedent TROY FRANCIS' residence was in any danger prior to their arrival, and that any mental condition Decedent was suffering from that caused the call for assistance to be placed at the outset was an insufficient basis to provoke a violent confrontation with Decedent. Plaintiff alleges that the

violent confrontation was a foreseeable consequence of each officer's conduct in negligently confronting Decedent.

22. The actions and omissions of City and the Defendant Fremont Police Department Officers were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions.  City was also responsible for Plaintiff's injuries through its own acts and omissions, negligent and otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

23. Plaintiff alleges that Decedent TROY FRANCIS' death was the result of excessive force used by Defendants Ferrara and Smith.

24. Plaintiff further alleges that Decedent TROY FRANCIS' death was the proximate result of Defendant City's failure to reasonably train their law enforcement officers in the proper and reasonable use of force and the making of investigations.  Plaintiff further alleges that these substantial failures reflect Defendant City's policies implicitly ratifying and/or authorizing the use of excessive force by its police officers and the failure to reasonably train police officers employed by Defendant City in the making of investigations.

25. The killing of Decedent TROY FRANCIS described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

## **DAMAGES**

26. Plaintiff was physically, mentally, emotionally and financially injured and damaged as a proximate result of Decedent TROY FRANCIS' wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiff is entitled to recover for the reasonable value of funeral and burial expenses, pursuant to C.C.P. Sections 377.60 and 377.61.

27. Plaintiff is entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

28. Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, Pplaintiff is further entitled to recover for damages incurred by decedent for deprivation without due process of decedent's right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived.  For Plaintiff's Federal claims only, these damages include damages also incurred by decedent consisting of pain, suffering, and disfigurement prior to decedent's death.

29. As a further direct and proximate result of the negligence, excessive force and deliberate indifference of defendants, and each of them, Plaintiff has been deprived of Decedent TROY FRANCIS' financial support.

30. The conduct of the individual defendants was malicious, wanton, and oppressive. Plaintiff, as decedent's successor-in-interest, is therefore entitled to an award of punitive damages against said individual defendants.

31. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights, and the rights of decedent, under the law.  Plaintiff is therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988, and California Civil Code sections 52 and 52.1.

### FIRST CAUSE OF ACTION
(Violation of the Fourth Amendment of the United States Constitution)
(42 U.S.C. § 1983- Survival Action)
(Plaintiff Beaulieu against Defendants Ferrara, Smith, and DOES 1-25)

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 of this Complaint.

33. Defendants' above-described conduct constituted violations of decedent's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against them.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Violations of Plaintiff's 14th Amendment Rights/ Right to Familial Relationship)
(42 U.S.C. § 1983)
(Plaintiff Beaulieu against Defendants Ferrara, Smith, and DOES 1-25)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 of this Complaint.

35. Defendants' conduct constituted acts under color of state law, and without due process of law, which deprived Plaintiff of her right to a familial relationship. Defendants deprived Plaintiff of these rights by use of unreasonable, unjustified and deadly use of force, causing injuries, which resulted in decedent's death.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
(*Monell* - 42 U.S.C. § 1983)
(Plaintiff Beaulieu against Defendants City, Ferrara, Smith, and DOES 1-50)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 of this Complaint.

37. Plaintiff is informed and believes and thereon alleges that high ranking City officials, including high ranking police supervisors, DOES 26 through 50, and/or each of them, knew and/or reasonably should have known that Defendant officers Ferrara, Smith, and DOES 1-25, and/or each of them, were either not trained or improperly trained in responding to individuals who were mentally impaired or disabled.

38. Despite having such notice, Plaintiff is informed and believes and thereon alleges that DOES 26-50, and/or each of them, failed to ensure that the Defendants Ferrara and Smith were trained or properly trained in responding to individuals who were mentally impaired, resulting in the violation of the Plaintiff's rights as alleged herein.

39. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City officials, including high ranking City of Fremont Police Department supervisors, Defendants, DOES 26-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as

guaranteed by the Fourth Amendments to the United States Constitution. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Wrongful Death - Negligence)**
**(C.C.P. §§ 377.60 and 377.61)**
**(Plaintiff Beaulieu against Defendants Ferrara, Smith, and DOES 1-25)**

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

41. Defendant City, by and through its agents and employees, the involved Defendant Officers' negligent actions and/or negligent failure to act, as set forth herein-above proximately caused the death of decedent TROY FRANCIS, plaintiff's husband.

42. As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiff has sustained pecuniary loss resulting from the loss of comfort, society, consortium, attention, services, and support of her husband, decedent, in an amount according to proof at trial.

43. As a further actual and proximate result of said defendant's negligence, plaintiff has incurred funeral and burial expenses, in an amount according to proof at trial.

44. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiff has brought this action, and claims damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Violation of CALIFORNIA CIVIL CODE §52.1)**
**(Plaintiff Beaulieu against Defendants Ferrara, Smith, and DOES 1-25)**

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 of this Complaint.

46. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent TROY FRANCIS' peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Negligence)
**(Plaintiff Beaulieu against Defendants Ferrara, Smith, and DOES 1-50)**

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

48. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants Ferrara, Smith, and DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Ferrara, Smith, and DOES 1-50 were acting within the course and scope of their employment and/or agency with Defendant City. As such Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Ferrara, Smith, and DOES 1-50 pursuant to section 815.2 of the California Government Code.

49. Defendants' negligently and without due care, provoked a confrontation with Decedent. Decedent died as a proximate and direct cause of the confrontation.

50. The violent and needless confrontation with Decedent occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Decedent TROY FRANCIS.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

51. Plaintiff hereby demands a jury trial in this action.

# PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;
2. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants DOES 1 through 50 and/or each of them;
3. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;
4. For cost of suit herein incurred; and
5. For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated: August 9, 2016                */s/ John L. Burris*
                                      John L. Burris, Esq.,
                                      Attorney for Plaintiff

Date: August 9, 2016                 */s/ Ben Nisenbaum*
                                      Ben Nisenbaum Esq.,
                                      Attorney for Plaintiff

Date: August 9, 2016                 */s/ James A. Cook*
                                      James A. Cook, Esq.,
                                      Attorney for Plaintiff